IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.E.S., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 10-92C |
| v. | ) | (Judge Braden) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

For its answer to the Complaint filed by M.E.S., Inc. ("MES"), defendant, the United States admits, denies, and alleges as follows:

1.      Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2.      Admits.

3.      The allegations contained in paragraph 3 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4.      Admits the allegations contained in paragraph 4 to the extent supported by the document referred to, which is the best evidence of its content, and otherwise denies the remaining allegations contained in paragraph 4.

5.      Admits the allegations contained in paragraph 5 to the extent supported by the document referred to, which is the best evidence of its content, and otherwise denies the remaining allegations contained in paragraph 5.

6.      Admits the allegations contained in paragraph 6 to the extent supported by the notice of termination referred to, which is the best evidence of its content, and otherwise denies the remaining allegations contained in paragraph 6.

7.      Admits.

8.      Admits the allegations contained in paragraph 8 to the extent supported by the notice of appeal referred to, which is the best evidence of its content, and otherwise denies the remaining allegations contained in paragraph 8.

9.      Admits the allegations contained in paragraph 9 to the extent supported by the contracting officer correspondence referred to, which is the best evidence of its content, and otherwise denies the remaining allegations contained in paragraph 9.

10.     Admits the allegations contained in paragraph 10 to the extent supported by the document referred to, which is the best evidence of its content, and otherwise denies the remaining allegations contained in paragraph 10.

11.     Admits that MES submitted a document dated December 14, 2001, which purported to be an amendment to its certified claim requesting compensation for additinoal costs for equipment rental and materials for the project to the extent supported by the document referred to, which is the best evidence of its content, the remaining allegations contained in paragraph 11 are conclusions of  law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

12.     Admits the allegations contained in paragraph 12 to the extent supported by the contracting officer correspondence referred to, which is the best evidence of its content, and otherwise denies the remaining allegations contained in paragraph 12.

13.     Admits the allegations contained in paragraph 13 to the extent supported by the document referred to, which is the best evidence of its content, and otherwise denies the remaining allegations contained in paragraph 13.

2

14.     Admits the allegations contained in paragraph 14 to the extent supported by the correspondence referred to, which is the best evidence of its content, and otherwise denies the remaining allegations contained in paragraph 14.

15.     Denies.

16.     Denies.

17.     Admits the allegations contained in paragraph 17 to the extent supported by the Postal Service Board of Contract Appeals opinion referred to, which is the best evidence of its content, and otherwise denies the remaining allegations contained in paragraph 17.

18.     Admits.

19.     Denies.

20.     Admits the allegations contained in paragraph 20 to the extent supported by the documents referred to, which is the best evidence of its content, and otherwise denies the remaining allegations contained in paragraph 20.

21.     Admits the allegations contained in paragraph 21 to the extent supported by the document referred to, which is the best evidence of its content, and otherwise denies the remaining allegations contained in paragraph 21.

22.     Admits the allegations contained in paragraph 22 to the extent supported by the document referred to, which is the best evidence of its content, and otherwise denies the remaining allegations contained in paragraph 22.

23.     Defendant's responses to paragraphs 1 though 22 of the complaint are incorporated by reference.

24.     The allegations contained in paragraph 24 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25.     Admits the allegations contained in paragraph 25 to the extent supported by the document referred to, which is the best evidence of its content, and otherwise denies the remaining allegations contained in paragraph 25.

26.     The allegations contained in paragraph 26 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27.     The allegations contained in paragraph 27 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 27, or to any relief whatsoever.

28.     Defendant's responses to paragraphs 1 though 27 of the complaint are incorporated by reference.

29.     The allegations contained in paragraph 29 are conclusions of law to which no response is required; to the extent that paragraph 29 contains allegations of fact, they are denied.

30.     Admits that the contracting officer did not issue a final decision within 60 days, otherwise denies the allegations contained in paragraph 30.

31.     The allegations contained in paragraph 31 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

32.     The allegations contained in paragraph 32 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

33.     The allegations contained in paragraph 33 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

34.     Denies that plaintiff is entitled to the relief set forth in the prayers for relief immediately following paragraph 33, or to any relief whatsoever.

35.     Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, the Defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

### First Defense

36.     Plaintiff's claims are barred in whole or in part by the doctrine of collateral estoppel.

### Second Defense

37.     Plaintiff's claims are barred in whole or in part by the doctrine of res judicata.

### Third Defense

38.     Plaintiff's claims are barred in whole or in part by the Election Doctrine.

### Fourth Defense

39.     Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**Fifth Defense**

40.     Plaintiff's claims are barred in whole or in part because necessary conditions precedent to plaintiff's right to recover have not been satisfied.

## DEFENDANT'S COUNTERCLAIM

41.     This Court possesses subject-matter jurisdiction to entertain this counterclaim pursuant to the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§601-12, and 28 U.S.C. §§ 1503, 2508.

42.     Pursuant to the contract referenced in paragraph 4 of the complaint, MES was required to complete the construction of the Riverhead Post Office within 300 days after the issuance of the Notice to Proceed, or by August 2, 1999.

43.     The contract contained a standard USPS clause designated as Clause B-13, "Termination for Default," which provided, in pertinent part, "The Postal Service may . . . by written notice of default to the supplier, terminate this contract in whole or in part if the supplier fails to: (a) Complete the requirements of this contract within the time specified in the contract or any extension; (b) Make progress, so as to endanger performance of this contract . . .; or (c) Perform any of the other provisions of this contract . . . ."

44.     Clause B-13 further provided, "If the Postal Service terminates this contract in whole or in part, it may acquire similar supplies or services or complete the work, and the supplier will be liable to the Postal Service for any excess costs."

45.     In June 1999, in accordance with Clause B-13, the Postal Service terminated MES's contract for default based on MES's unexcused failure to make progress sufficient to meet the agreed-upon completion date.  By that time, only two months remained of the original

6

ten-month project duration, but MES had completed only about 25 percent of the work, and had been paid $962,450 out the original contract amount of $3,954,000.

46.     The Postal Service on several occasions called upon MES's performance bond surety, Travelers Casualty & Surety Company of America ("Travelers"), to take action in accordance with its performance bond obligations to ensure the completion of the Riverhead Post Office facility. Travelers repeatedly declined to take any action.

47.     MES appealed the default termination to the Postal Service Board of Contract Appeals ("PSBCA").  In 2001, a hearing was conducted by Administrative Judge William Mahn. Administrative Judge Mahn subsequently retired from the board without issuing a decision.

48.     In 2003, while still waiting for a decision from the PSBCA on MES's appeal, the Postal Service informed Travelers that the Riverhead facility was still needed, and requested Travelers to honor its performance bond obligations. Once again, Travelers refused to take any action.

49.     In the meantime, the Postal Service engaged engineers to investigate the structural soundness of the work left in place after MES's termination. The Postal Service also engaged its architectural firm, URS, to prepare a package of revised drawings for a completion contract, taking into account the most up-to-date postal standards and building codes.

50.     In 2004, after receiving competitive bids for the project completion work, and while still waiting for a decision from the PSBCA on MES's appeal, the Postal Service awarded a completion contract to THC Realty Development ("THC").

51.     THC achieved substantial completion of the Riverhead project by June 2005, approximately ten months after receiving its Notice to Proceed.

52.     By September 2006, the Postal Service had fully paid THC for its work in completing the Riverhead project.

53.     In completing the project with THC, the Postal Service incurred actual costs in excess of the amount left in MES's remaining contract balance.

54.     By letter dated February 19, 2009, the contracting officer, Dane Weir, issued a Contracting Officer's Final Decision ("COFD") demanding payment from MES $803,909 as excess reprocurement costs for which Mr. Weir determined MES to be liable to the Postal Service pursuant to Clause B-13.

55.     To date, MES has failed to make payment in response to the Postal Service's COFD.

WHEREFORE, defendant requests that the Court enter judgment in its favor as to the Counterclaim in the amount of $803,909, plus interest as provided by law, that the complaint be dismissed, and the Court grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

TONY WEST
Assistant Attorney General

JEANNE E. DAVIDSON
Director


s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

8

s/ David D'Alessandris
DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
 8th Floor
1100 L Street, N.W.
Washington, D.C.  20530
Tele: (202) 307-0139
Fax:  (202) 514-8624

May 19, 2010                              Attorneys for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of May, 2010, a copy of the foregoing Defendant's Answer and Counterclaim was filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>s/ David D'Alessandris</u>