IN THE UNITED STATES COURT
OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.E.S., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 10-92C |
| v. | ) | (Judge Braden) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims the parties respectfully submit this Joint Preliminary Status Report.

4(a)   Plaintiff asserts that this Court possesses jurisdiction to entertain this action. Defendant is unaware, at this time, of any bar to this Court's jurisdiction.

4(b)   The parties agree that this case should not be consolidated with any other case.

4(c)   The parties agree that the trial of liability and damages does not need to be bifurcated.

4(d)   The parties agree that these proceedings should not be deferred due to any other case pending in a different tribunal.

4(e)   The parties agree that no remand or suspension will be sought at this time, and no remand is anticipated.

4(f)   The parties agree that no additional parties will be joined.

4(g)   The parties anticipate filing summary judgment motions following the completion of fact discovery.

4(h)   On September 9, 1998, the USPS awarded a contract to plaintiff for the construction of a new post office facility in Riverhead, New York.  Shortly thereafter, the USPS issued a Notice to Proceed.  Based upon the schedule issued by the USPS, plaintiff was required to complete its work by August 2, 1999.  Plaintiff contends that its progress was impeded by certain delays, unforeseen conditions and changes to the work.  The USPS terminated plaintiff for default on June 2, 1999.  While the Postal Service Board of Contract Appeals determined that the USPS was, in fact, responsible for certain of the delays suffered by plaintiff, the termination for default was ultimately upheld.

On November 6, 2001, while plaintiff's appeal of the termination for default was still pending, plaintiff submitted a certified claim to the Contracting Officer requesting additional compensation for changes made to the work, differing site conditions, defective specifications and delay.  That claim was revised and resubmitted on December 14, 2001.  The Contracting Officer deferred consideration plaintiff's claim, preferring to resolve plaintiff's appeal of the termination for default first.  Plaintiff objected to the contracting officer's decision to defer resolution of its claim.  The Contracting Officer has not issued a final decision, and plaintiff asserts that this court possesses jurisdiction based upon a deemed denial of its claim.

The USPS reprocured the project in April 2004, and made final payment in June 2006.  Thereafter, in a final decision dated February 19, 2009, the Contracting Officer determined that plaintiff was responsible for damages totaling $803,909.00, as a result of plaintiff's default and the reprocurement costs that followed.  It is plaintiff's position that the USPS failed to properly mitigate its damages, thereby resulting in excess reprocurement costs.  Moreover, plaintiff

maintains that once its claim is properly reviewed and it is provided with credit for the additional costs that it incurred in attempting to prosecute the work in question, plaintiff will be entitled to monies in excess of any reasonable reprocurement costs.  It is defendant's position that the agency properly calculated and assessed the reprocuremnt costs against plaintiff.  Defendant additionally believes that plaintiff's delay claims are without merit, and portions of the claim are barred by res judicata.  Appeal of M.E.S., Inc., 06-1 BCA ¶ 33184 PSBCA No. 4462, 2006 WL 1064175 (Jan. 31, 2006), affirmed, 240 Fed. Appx. 871 (Fed. Cir. 2007).

The issues to be considered by the Court are:

1.  Whether the assessment of excess procurements costs was proper and reflected a proper mitigation of damages?

2.   Whether the claims submitted by MES are meritorious and entitle the plaintiff to an appropriate setoff against the excess costs assessed by the Government?

4(i)   The parties are open to the possibility of settlement and the use of alternative dispute resolution; however, the parties will be a better position to evaluate these options following completion of discovery.

4(j)   If the parties are unable to resolve this litigation by summary judgment, and are also unable to reach a settlement, the parties will proceed to trial.  Neither party requests expedited trial scheduling.

4(k)   There are no special issues regarding electronic case management at this time.

4(l)   The United States Postal Service has filed suit against the surety on this project, Travelers Casualty & Surety Company of America, in the United States District Court for the

Eastern District of New York for excess costs on the contract at issue in this case. Pursuant to an order dated July 19, 2010, the district court stayed that case, docket number CV-10 0892, pending resolution of this action.

     5.     The parties propose the following discovery schedule:

          Close of fact discovery - May 15, 2011,

          Disclosure of expert witness reports - July 1, 2011, and

          Close of expert discovery - August 15, 2011.

     6.     No dispositive motions are on file at this time.

Respectfully submitted,

TONY WEST
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk Manhardt
KIRK MANHARDT
Assistant Director

| | |
|---|---|
| s/ Michael H. Payne | s/ David D'Alessandris |
| MICHAEL H. PAYNE | DAVID D'ALESSANDRIS |
| Cohen Seglias Palls Greenhill | Trial Attorney |
| & Furman PC | Commercial Litigation Branch |
| United Plaza, 19th Floor | Civil Division |
| 30 South 17th Street | U.S. Department of Justice |
| Philadelphia, PA 19103 | Attn: Classification Unit |
| | 8th Floor |
| Tele: (215) 564-1700 | 1100 L Street, N.W. |
| Fax: (267) 238-4456 | Washington, D.C.  20530 |
| | Tele: (202) 307-0139 |
| | Fax:  (202) 514-7969 |
| | |
| August 9, 2010 | August 9, 2010 |
| | |
| Attorney for M.E.S., Inc. | Attorneys for Defendant |

Case 1:10-cv-00092-SGB   Document 13   Filed 08/09/10   Page 6 of 6

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 200, a copy of the forgoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David D'Alessandris